# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| **Bright Capture LLC,** | Case No. 6:22-cv-49 |
| Plaintiff, | Patent Case |
| v. | Jury Trial Demanded |
| **Seiko Epson Corporation,** | |
| Defendant. | |

### COMPLAINT FOR PATENT INFRINGEMENT

1.  Plaintiff Bright Capture LLC ("Plaintiff"), through its attorneys, complains of Seiko Epson Corporation ("Defendant"), and alleges the following:

### PARTIES

2.  Plaintiff Bright Capture LLC is a corporation organized and existing under the laws of Delaware that maintains its principal place of business at 261 West 35th St, Suite 1003, New York, NY 10001.

3.  Defendant Seiko Epson Corporation is a corporation organized and existing under the laws of Japan that maintains an established place of business at 3-3-5 Owa, Suwa-shi, Nagano 392-8502, Japan.

### JURISDICTION

4.  This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

1

5. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

## VENUE

7. Venue is proper in this District under 28 U.S.C. § 1391(c) because Defendant is a foreign corporation. In addition, on information and belief, Defendant has committed acts of patent infringement in this District, and Plaintiff has suffered harm in this district.

## PATENTS-IN-SUIT

8. Plaintiff is the assignee of all right, title and interest in United States Patent Nos. 10,049,410; 7,746,510; and 8,693,070 (the "Patents-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patents-in-Suit. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the Patents-in-Suit by Defendant.

## THE '410 PATENT

9. The '410 Patent is entitled "Receipts scanner and financial organizer," and issued 2018-08-14. The application leading to the '410 Patent was filed on 2015-10-08. A true and correct copy of the '410 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

## THE '510 PATENT

10. The '510 Patent is entitled " Receipts scanner and financial organizer," and issued 2010-06-29. The application leading to the '510 Patent was filed on 2002-01-24. A true and

correct copy of the '510 Patent is attached hereto as Exhibit 2 and incorporated herein by reference.

## THE '070 PATENT

11.   The '070 Patent is entitled " Receipts scanner and financial organizer," and issued 2014-04-08. The application leading to the '070 Patent was filed on 2013-01-17. A true and correct copy of the '070 Patent is attached hereto as Exhibit 3 and incorporated herein by reference.

## COUNT 1: INFRINGEMENT OF THE '410 PATENT

12.   Plaintiff incorporates the above paragraphs herein by reference.

13.   **Direct Infringement**. Defendant has been and continues to directly infringe one or more claims of the '410 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '410 Patent also identified in the charts incorporated into this Count below (the "Exemplary '410 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '410 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

14.   Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '410 Patent Claims by having its employees internally test and use these Exemplary Products.

15.     **Actual Knowledge of Infringement**. The service of this Complaint, in conjunction with the attached claim charts and references cited, constitutes actual knowledge of infringement as alleged here.

16.     Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '410 Patent. On information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '410 Patent. See Exhibit 4 (extensively referencing these materials to demonstrate how Defendant induces end users to commit patent infringement).

17.     **Induced Infringement**. At least since being served with this Complaint and corresponding claim charts, Defendant has actively, knowingly, and intentionally continued to induce infringement of the '410 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products and distributing product literature and website materials inducing end users and others to use their products in a manner that infringes one or more claims of the '410 Patent.

18.     Exhibit 4 includes charts comparing the Exemplary '410 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '410 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '410 Patent Claims.

19.     Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 4.

20. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

### COUNT 2: INFRINGEMENT OF THE '510 PATENT

21. Plaintiff incorporates the above paragraphs herein by reference.

22. **Direct Infringement**. Defendant has been and continues to directly infringe one or more claims of the '510 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '510 Patent also identified in the charts incorporated into this Count below (the "Exemplary '510 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '510 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

23. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '510 Patent Claims by having its employees internally test and use these Exemplary Products.

24. **Actual Knowledge of Infringement**. The service of this Complaint, in conjunction with the attached claim charts and references cited, constitutes actual knowledge of infringement as alleged here.

25. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '510 Patent. On information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its

products in the customary and intended manner that infringes the '510 Patent. See Exhibit 5 (extensively referencing these materials to demonstrate how Defendant induces end users to commit patent infringement).

26. **Induced Infringement**. At least since being served with this Complaint and corresponding claim charts, Defendant has actively, knowingly, and intentionally continued to induce infringement of the '510 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products and distributing product literature and website materials inducing end users and others to use their products in a manner that infringes one or more claims of the '510 Patent.

27. Exhibit 5 includes charts comparing the Exemplary '510 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '510 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '510 Patent Claims.

28. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 5.

29. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

COUNT 3: INFRINGEMENT OF THE '070 PATENT

30. Plaintiff incorporates the above paragraphs herein by reference.

31. **Direct Infringement**. Defendant has been and continues to directly infringe one or more claims of the '070 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that

infringe at least the exemplary claims of the '070 Patent also identified in the charts incorporated into this Count below (the "Exemplary '070 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '070 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

32. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '070 Patent Claims by having its employees internally test and use these Exemplary Products.

33. **Actual Knowledge of Infringement**. The service of this Complaint, in conjunction with the attached claim charts and references cited, constitutes actual knowledge of infringement as alleged here.

34. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '070 Patent. On information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '070 Patent. See Exhibit 6 (extensively referencing these materials to demonstrate how Defendant induces end users to commit patent infringement).

35. **Induced Infringement**. At least since being served by this Complaint and corresponding claim charts, Defendant has actively, knowingly, and intentionally continued to induce infringement of the '070 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products and distributing

product literature and website materials inducing end users and others to use their products in a manner that infringes one or more claims of the '070 Patent.

36. Exhibit 6 includes charts comparing the Exemplary '070 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '070 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '070 Patent Claims.

37. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 6.

38. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

## JURY DEMAND

39. Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A. A judgment that the '410 Patent is valid and enforceable

B. A judgment that Defendant has infringed directly and indirectly one or more claims of the '410 Patent;

C. A judgment that the '510 Patent is valid and enforceable

D. A judgment that Defendant has infringed directly and indirectly one or more claims of the '510 Patent;

E. A judgment that the '070 Patent is valid and enforceable

F.     A judgment that Defendant has infringed directly and indirectly one or more claims of the '070 Patent;

G.     An accounting of all damages not presented at trial;

H.     A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendant's continuing or future infringement, up until the date such judgment is entered with respect to the '410; '510; and '070 Patents, including pre- or post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284;

I.     And, if necessary, to adequately compensate Plaintiff for Defendant's infringement, an accounting:

    i.     that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorneys fees against Defendant that it incurs in prosecuting this action;

    ii.     that Plaintiff be awarded costs, and expenses that it incurs in prosecuting this action; and

    iii.     that Plaintiff be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: January 13, 2022                         Respectfully submitted,

                                                    /s/ Cortney Alexander
Cortney Alexander
Kent & Risley LLC
5755 North Point Pkwy STE 57
Alpharetta, GA 30022
404-855-3867
cortneyalexander@kentrisley.com

**Counsel for Plaintiff**